## BRIGGS *v.* BRIGGS.

### (*Supreme Court, General Term, Second Department.* December 10, 1890.)

ACCOUNTING—REFEREE'S REPORT.

On a reference for an accounting of an alleged partnership, the referee reported that there was no partnership, but that plaintiff was entitled to be paid, for services, one-third of the profits of defendant's business, and to have an accounting from the time of last settlement. On a further reference to him to take such account, he reported in favor of plaintiff for a certain sum. On appeal by defendant, it appeared that neither report stated the date of the last settlement; that credits were allowed plaintiff for compensation after the services had terminated, and for one-third of the proceeds of stock which belonged wholly to defendant; that an item charged against plaintiff was much less than the amount admitted on the trial; and the report did not show the expenses of running the business during the period for which the account was taken. *Held,* that the judgment must be reversed.

Appeal from judgment on report of referee.

Action by Mary B. Briggs, as executrix of Amos W. Briggs, deceased, against Amos S. Briggs, for an accounting. From a judgment for plaintiff, defendant appeals, bringing up also for review so much of an interlocutory judgment as required defendant to account to plaintiff for one-third of the profits of the business carried on by him to the date of the accounting; and plaintiff appeals from so · much of the judgment as allowed defendant two-thirds of said profits, and plaintiff one-third, on the ground that the evidence showed that plaintiff was entitled to share equally.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*William A. Woodworth,* for plaintiff.    *Edward T. Lovatt,* for defendant.

BARNARD, P. J.    The plaintiff avers the existence of a partnership between her deceased husband and the defendant. The answer denied the partnership. The issues were referred to a referee to hear and determine. The referee made a separate report that the deceased was not a partner, but a clerk only, who was to be paid one-third of the profits for his services. The referee ordered a judgment in favor of defendant against the plaintiff for disbursements, and that the plaintiff was entitled to an accounting, and that it be referred to him to take and state the accounts. Properly the court should have directed this judgment, but no one objected, and the result was one which was

designed by the order of reference. The plaintiff was the only one hurt by the separate report, and she does not appeal. The referee found in favor of the plaintiff for $753.97. The defendant appeals. The report is based upon the previous report, but it goes beyond it. By the first report the right to an accounting was only to be ordered from the date of the last settlement. When this last settlement was is not stated either in the interlocutory or final report, and therefore no proper decision can be reached on appeal. There is no basis on which to apply the evidence. The report is very general. It may begin in February, 1884, and apparently continue to December 1, 1885, nearly three months after the death of the plaintiff's testator. The report seems to give the deceased compensation for his services even after December 1, 1885, as the report contains a credit for bills collected after that time. The report is erroneously made up if the deceased was not a partner. The stock in such a case belonged to the defendant, and should not have been considered in the account. The referee includes the amount in the assets, and gives one-third of it to the plaintiff. The sum charged against the plaintiff, by the referee, of $705.56, appears to have been much smaller than the true amount as admitted on the trial, $2,893.59. The evidence of the agreement was that the plaintiff's third was to be one-third of net profits. The report fails to show what the expenses of running the business was during the periods he has selected as the period for the accounting. The plaintiff's appeal is from the interlocutory judgment, and there is no evidence returned on which that was based. The judgment should be reversed, and a new trial granted, at special term, with costs to abide event.